**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Burton C. Wise

    v.                                      Civil No. 09-cv-235-PB

Thomas Kilmartin and
United States Internal Revenue Service

**REPORT AND RECOMMENDATION**

Burton Wise has brought this 26 U.S.C. § 7422 action against the United States[1] (document no. 1) seeking a refund of monies collected from him by the Internal Revenue Service ("IRS"). Wise has also filed a motion seeking a temporary restraining order (document no. 2) to prevent the IRS from further levying his wages. As Wise is proceeding pro se, and has paid the filing fee, this matter is before me for preliminary review to determine whether or not the complaint sufficiently invokes the subject matter jurisdiction of this Court to allow the action to proceed. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(A). For the reasons fully explained

---

[1] I construe the complaint in this matter to be brought against the United States. See 26 U.S.C. § 7422(f) (requiring § 7422(a) suits to be brought against the United States, rather than against the IRS or an employee thereof).

herein, I conclude that this Court does not have jurisdiction over this matter, and I therefore recommend that this action be dismissed. See id.

## Standard of Review

When a plaintiff commences an action in this Court pro se, the Magistrate Judge conducts a preliminary review. Id. In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true the plaintiff's factual assertions, see Erickson, 551 U.S. at 94, and any inferences reasonably drawn therefrom. See Centro Medico del

2

Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990). This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Burton Wise works, and for his efforts, receives monetary compensation from his employer. Wise refers to this compensation as "private earnings" and claims that such earnings are not income subject to a federal income tax.[2] In accordance with this belief, Wise decided, beginning in 2001, not to contribute any of his paycheck to federal income taxes by adjusting his withholding so that no federal taxes were withheld from his pay. During part of 2001, and then in 2002 through 2005, no federal income taxes were withheld from Wise's earnings. In 2006, Wise chose to allow federal income taxes to be withheld from his earnings. Wise believed, at the time, that his participation in the contribution of his private earnings to the federal income tax was entirely voluntary, and that he could choose whether or not to pay any monies toward federal income taxes at any time. Wise asserts

---

[2]Wise asserts several theories purportedly supporting this conclusion. They are not relevant to my recommendation in this matter and I decline to discuss them further.

that, whether or not he chooses to contribute money to the federal income tax, he has no obligation to file a federal income tax return at any time. Wise has not filed an income tax return since 2001.

In May 2003, Wise received a letter from the IRS concerning the IRS' belief that Wise owed money to the federal government for taxes, interest, and penalties for the 2000 tax year. On May 23, 2003, Wise wrote back to the IRS, explaining why he believed he did not owe federal income taxes. Wise contends that he received written confirmation from the IRS that in 2000 and 2001, he did not have to pay income taxes. On March 22, 2004, Wise alleges that $95,530 that was withheld from his earnings in 2000 were credited back to him. And that on July 12, 2004, $23,698 was credited back to him, $21,605 of which was withheld from his paycheck as income tax during 2001.

On August 2, 2004, however, Wise received notice from the IRS that it intended to levy his private earnings for alleged taxes owed for 2001. On August 10, 2004, Wise received notice from the IRS of a filing with the Shelby County, Tennessee, Register of Deeds regarding a federal tax lien for the 2000 tax year. On March 2, 2006, the IRS sent Wise a letter notifying him

4

of a filing with the County Clerk of Tarrant County of Fort Worth, Texas, of a federal tax lien against Wise for tax years 2001, 2002 and 2003.

On June 17, 2009, IRS Revenue Officer Thomas Kilmartin delivered to Wise, at his workplace, notice of a levy on Wise's wages, salary, and other income. Kilmartin also gave the Human Resources Department at Wise's workplace paperwork regarding the levy, which was to be made effective on June 30, 2009. On July 9, 2009, Wise claims that, by virtue of that levy, $530.10 was deducted from his bank account.

Wise now seeks a judgment directing defendants to refund his earnings from 2000 and 2001 that were the subject of tax liens, and to reimburse him for the $530.10 he alleges were illegally taken from his bank account.[3] In his motion for injunctive relief, Wise requests that all further IRS efforts to levy his earnings be enjoined.

---

[3] Wise also seeks to have Kilmartin prosecuted for the theft of the $530.10 deducted from his bank account. Even assuming, arguendo, that Kilmartin has committed a crime, Wise possesses no actionable right to have criminal wrongdoers brought to justice. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another.").

Discussion

Individuals may bring civil actions against the IRS to challenge an allegedly erroneous assessment or collection of any internal revenue tax. See 26 U.S.C. § 7422(a) (Supp. 2009) (providing the procedure for obtaining a refund by a civil suit); 26 U.S.C. § 6402(a) (authorizing the Secretary of the Treasury to refund overpayments); United States v. Clintwood Elkhorn Min. Co., ___ U.S. ___, ___, 128 S. Ct. 1511, 1514 (2008). Before such a suit may be commenced, however, the taxpayer first must have made a claim for a refund or credit with the IRS. See 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary . . . ."); Clintwood Elkhorn, 128 S. Ct. at 1514; Swan v. United States, 36 Fed. Appx. 459, 459 (1st Cir. 2002) (citing McMillen v. United States Dep't of Treasury, 960 F.2d 187, 188 (1st Cir. 1991) (stating that payment of the assessed tax and filing of an administrative claim are jurisdictional prerequisites to civil action)). In addition, the taxpayer must have waited at least six months or until an administrative decision has been rendered, whichever occurs

6

first. See 26 U.S.C. § 6532(a) (Supp. 2009) (providing periods of limitation on suits for tax refunds).

Additionally, before a suit for a refund of tax monies collected may be commenced, an individual must first have paid the contested amount. See McMillen, 960 F.2d at 188 (stating that payment of the contested amount is a jurisdictional prerequisite to civil action). Wise states that $117,665.10 was seized from him toward satisfaction of what the IRS claims Wise owed in income taxes. Liberally construed, these allegations satisfy the "'pay first and litigate later'" rule for tax refund claims. McMillen, 960 F.2d at 189 (quoting Falik v. United States, 343 F.2d 38, 42 (2d Cir. 1965)).

Plaintiff here has not demonstrated, however, that he has ever filed any claim for administrative relief with the IRS, much less the denial of such a claim by the IRS, or the six month passage of time without the IRS resolving the matter administratively. Because plaintiff has failed to demonstrate that he has exhausted his administrative remedies, he cannot bring an action pursuant to 26 U.S.C. § 7422(a). See 26 U.S.C. § 7422(a) ("No suit . . . shall be maintained in any court for the recovery of any internal revenue tax alleged to have been

7

erroneously or illegally assessed or collected . . . or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary . . ..").

## Conclusion

I conclude that plaintiff has not invoked this Court's subject matter jurisdiction for this action, and, accordingly, I recommend that it be dismissed. See LR 4.3(d)(1)(A); see also Fed. R. Civ. P. 12(h)(3) (requiring dismissal of the action whenever it appears that the court lacks subject matter jurisdiction). I further recommend that, should this recommendation be approved, the motion for injunctive relief (document no. 2) be denied as moot.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of

8

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

　　　　　　　　　　　　　　　　　　/s/ James R. Muirhead
　　　　　　　　　　　　　　　　　　James R. Muirhead
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Date:　　July 27, 2009

cc:　　Burton C. Wise, pro se


JM:jba